RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0362P (6th Cir.)
File Name: 00a0362p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

PRAM NGUYEN,
          *Plaintiff-Appellant,*

          *v.*                              No. 99-3200

CITY OF CLEVELAND,
          *Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 97-00651—Patricia A. Gaughan, District Judge.

Argued: May 4, 2000

Decided and Filed: October 11, 2000

Before: BATCHELDER, MOORE, and BEEZER[*], Circuit
Judges.

_____

## COUNSEL

**ARGUED:** Edward G. Kramer, KRAMER &
ASSOCIATES, Cleveland, Ohio, for Appellant. Claudette
Walcott, CITY OF CLEVELAND LAW DEPARTMENT,

_____

[*]The Honorable Robert R. Beezer, Circuit Judge of the United States
Court of Appeals for the Ninth Circuit, sitting by designation.

1

OFFICE OF DIRECTOR OF LAW, Cleveland, Ohio, for Appellee. **ON BRIEF:** Edward G. Kramer, KRAMER & ASSOCIATES, Cleveland, Ohio, for Appellant. Claudette Walcott, CITY OF CLEVELAND LAW DEPARTMENT, OFFICE OF DIRECTOR OF LAW, Cleveland, Ohio, for Appellee.

————————

**OPINION**

————————

ALICE M. BATCHELDER, Circuit Judge. Plaintiff-Appellant, Pram Nguyen, brought three separate lawsuits against the City of Cleveland alleging that the City's denial of his promotion bids violated Title VII because (1) the City discriminated against him on the basis of his national origin, and (2) the City retaliated against him for filing a grievance and EEOC complaints. The three lawsuits were consolidated into one, and the City moved for summary judgment on all of the failure to promote claims as well as the retaliation claim. The district court granted the City's motion with respect to Nguyen's retaliation claim and some of his claims for failure to promote. The remaining claims were tried to a jury, which found in favor of the City on each of them. Mr. Nguyen's timely appeal is limited to the district court's grant of summary judgment in favor of the City of Cleveland. Thus, the only claims presented on appeal are Mr. Nguyen's allegations of discrimination based upon the City's failure to promote him to the position of Deputy Commissioner for the Division of the Environment or the position of Chief of Enforcement, and the City's failure to promote him in retaliation for his engaging in a protected activity.

### I. *Background*

Pram Nguyen is Vietnamese. He earned his B.S. in Chemical Engineering from Ohio University in 1990. After graduation, he went to work for the Allegheny County (Pennsylvania) Health Department as "Project Leader/Air Pollution Specialist." He worked in Pennsylvania until he

was hired by the City of Cleveland as an Air Pollution Control Engineer ("APC I") on August 9, 1993, and he was subsequently promoted to the position of APC II on November 7, 1994.

Although Nguyen was promoted to APC II, he was dissatisfied with the pay increase he received with the promotion. Toward the end of 1995, he filed a grievance claiming the City violated the union contract by failing to award him the proper pay with his promotion. The grievance was denied. Nguyen then filed an EEOC charge and a subsequent federal lawsuit on the alleged pay disparity. That action was dismissed for failure to state a claim.

During the 1995-1996 time frame, Nguyen bid on several promotional opportunities within his department at the City of Cleveland. He was not awarded any of these promotions. He filed EEOC claims and subsequent federal lawsuits with respect to each of these positions claiming discrimination because he is Vietnamese and because the City retaliated against him for filing the grievance and various EEOC complaints.

## II. *Applicable Law*

This court reviews de novo a district court's grant of summary judgment. *See Allen v. Michigan Dep't of Corrections*, 165 F.3d 405, 409 (6th Cir. 1999). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). When reviewing a motion for summary judgment, we must view all of the evidence and any inferences that may be drawn from that evidence in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)).

Generally speaking, a plaintiff in a race discrimination action "has the burden of proving by a preponderance of the evidence a *prima facie* case." *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252-53 (1981). After proving the existence of a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-3 (1973). If the defendant meets this burden, the plaintiff must then show that the defendant's articulated reason is a pretext for discrimination. *Id.*

A. *Discrimination by failing to promote*

In order to set forth a claim of discrimination, a plaintiff must show that he has suffered an adverse employment action; that is, he must establish that he has suffered a "materially adverse" change in the terms or conditions of employment because of the employer's action. *See Kocsis v. Multi-Care Management, Inc.*, 97 F.3d 876, 885 (6th Cir. 1996). For the purposes of Title VII, a failure to promote is an adverse employment action. *See Hale v. Cuyahoga County Welfare Dep't*, 891 F.2d 604,606 (6th Cir. 1989).

In order to establish a *prima facie* case of racial discrimination based upon a failure to promote, the plaintiff must demonstrate that: (1) he is a member of a protected class; (2) he applied for and was qualified for a promotion, (3) he was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions at the time the plaintiff's request for promotion was denied. *See Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1095 (6th Cir. 1996); *Brown v. Tennessee*, 693 F.2d 600,603 (6th Cir. 1982). Alternatively, a plaintiff can establish a *prima facie* case by presenting direct evidence of discriminatory intent. *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989) (plurality opinion). For example, a facially discriminatory employment policy or a corporate decision maker's express statement of a desire to remove employees in the protected group is direct evidence of discriminatory intent. *Trans World Airlines, Inc.*

inference that the City's nonpromotion of him to the various position [sic] in question was in retaliation for his filing charges of discrimination with the EEOC." The district court therefore did not err in holding that Mr. Nguyen did not establish a prima facie case of retaliation.

IV. *Conclusion*

For the foregoing reasons, the judgment of the district court is AFFIRMED.

the evidence of temporal proximity between his protected acts and the failure of the City to award him various promotions. Nguyen's arguments are without merit. In *Parnell*, after stating explicitly that temporal proximity in the absence of other evidence of causation is not sufficient to raise an inference of a causal link, we noted that not only had Parnell not presented any such evidence, she had been transferred as part of a reduction-in-force, and the time lag to which she pointed was seven months, which "does not necessarily support an inference of a causal link; previous cases that have permitted a prima facie case to be made based on the proximity of time have all been short periods of time, usually less than six months." *Parnell*, 1997 WL 271751 at *3. And in *Cooper*, which we specifically cited in *Parnell*, we noted explicitly that the plaintiff had been discharged after leaving her bus unattended, "with children milling around it," and after numerous disciplinary infractions. *Cooper*, 795 F.2d at 1267. In each of those cases, as in Nguyen's case, the fact of temporal proximity alone was not particularly compelling, because the plaintiff's retaliation case was otherwise weak, and there was substantial evidence supporting the defendant's version of the events. More importantly, however, while there may be circumstances where evidence of temporal proximity alone would be sufficient to support that inference, we do not hesitate to say that they have not been presented in this case.

Finally, it is not necessary for us to consider how much evidence in addition to temporal proximity would be required to establish a causal link between Nguyen's protected activity and any claimed adverse employment action,[2] because we agree with the district court's conclusion that Nguyen did not present any evidence "that could reasonably support an

---

[2]The district court did not, as Nguyen maintains, require that he present "direct or compelling circumstantial evidence" in addition to evidence of temporal proximity. While the court did find that Nguyen had "pointed to no direct or compelling circumstantial evidence supporting an inference of retaliation," the court held that Nguyen had come forward with "no evidence" reasonably supporting such an inference.

---

*v. Thurston,* 469 U.S. 111, 121 (1985); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 379-80 (6th Cir. 1993). In direct evidence cases, once a plaintiff shows that the prohibited classification played a motivating part in the employment decision, the burden of both production and persuasion shifts to the employer to prove that it would have terminated the employee even if it had not been motivated by impermissible discrimination. *Price Waterhouse*, 490 U.S. at 244-45; *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994).

### B.  *Retaliation*

In order to establish a *prima facie* case of retaliation, a plaintiff must establish that: (1) he engaged in activity protected by Title VII; (2) the exercise of his civil rights was known to the defendant; (3) thereafter, the defendant took an employment action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. *See Harrison v. Metropolitan Gov't*, 80 F.3d 1107, 1118 (6th Cir. 1996) (citing *Wrenn v. Gould*, 808 F.2d 493, 500 (6th Cir. 1987)).

To establish the causal connection required in the fourth prong, a plaintiff must produce sufficient evidence from which an inference could be drawn that the adverse action would not have been taken had the plaintiff not filed a discrimination action. *See EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 861 (6th Cir. 1997); *Jackson v. RKO Bottlers*, 743 F.2d 370, 377 (6th Cir. 1984). Although no one factor is dispositive in establishing a causal connection, evidence that defendant treated the plaintiff differently from similarly situated employees or that the adverse action was taken shortly after the plaintiff's exercise of protected rights is relevant to causation. *See Moon v. Transport Drivers, Inc.*, 836 F.2d 226, 230 (6th Cir. 1987). The burden of establishing a *prima facie* case in a retaliation action is not onerous, but one easily met. *See Avery*, 104 F.3d at 861.

### III.  *Analysis*

#### A.  *The Position of Deputy Commissioner*

The City of Cleveland originally posted the Deputy Commissioner position in the fall of 1994.  Eric Myles (a black man) was selected to fill the position.  It is undisputed that Nguyen did not apply for the position when it was posted.  Because the City had suffered some unexpected budget cuts, funding for the position was not available in 1994.  When funds were actually acquired for the position, in 1995, the department again offered the position to Mr. Myles.  Myles accepted and assumed the position in October, 1995.

The district court held that Nguyen failed to establish a prima facie discrimination case with respect to the Deputy Commissioner position because, although he met three of the four prongs required, he did not demonstrate that he had applied for the position or that his failure to apply should be excused under *Wanger v. G.A. Gray Co.*, 872 F.2d 142 (6th Cir. 1989).  Specifically, the district court explained:

> The City also argues that plaintiff cannot make out a prima facie case for the position of Deputy Commissioner because the plaintiff did not apply for the position. . . . The Sixth Circuit, however, has recognized that in certain situations it is not necessary for a Title VII plaintiff to apply for a position in order to assert a claim. . . . *Wanger v. G.A. Gray Co.*, 872 F.2d 142 (6th Cir. 1989).  Plaintiff admitted in his deposition that he never applied for the position of Deputy Commissioner. (Nguyen Dep. at 186.)  Relying on *Wanger*, plaintiff contends that his application was not necessary because the City "did not publish notice of [the] vacant position," "and the record is clear that Plaintiff would have applied had he known of the posting, or that submission of his application would have been fruitless." (Pltf. Opp. at 5.)

> The Court does not find that plaintiff has satisfied the application requirement.  The plaintiff does not submit authority demonstrating that it was necessary for the City

the adverse action and the protected activity *coupled with* the evidence of frequent discipline for trivial matters and unwarranted criticism of the plaintiff's work, *when viewed as a whole,* supported the jury's finding of retaliation).

In both *Harrison* and *Moore*, we found a causal connection when the temporal proximity was considered along with other evidence of retaliatory conduct.  We have also spoken on the question of whether temporal proximity between the protected activity and the adverse action, in and of itself, is sufficient to establish a causal connection.  *See Cooper v. City of North Olmsted,* 795 F.2d 1265 (6th Cir. 1986).  In *Cooper*, we rejected the proposition that temporal proximity is enough, noting that the plaintiff had pointed to no additional evidence to support a finding that the protected activity and the adverse action were connected:

> The mere fact that Cooper was discharged four months after filing a discrimination claim is insufficient to support an interference [sic] of retaliation . . . .  The record in this case contains no evidence directly linking the nine citations at issue to Cooper's filing of the OCRC discrimination charges.

*Id.* at 1272.  We reaffirmed our holding in *Cooper* in at least one subsequent opinion:

> A causal link can be shown by either of two methods: (1) through direct evidence; or (2) through knowledge coupled with a closeness in time that creates an inference of causation . . . .  However, temporal proximity alone will not support an inference of retaliatory discrimination when there is no other compelling evidence.

*Parnell v. West*, 1997 WL 271751, *2 (6th Cir. 1997).

Nguyen argues that *Parnell* should be read to hold that temporal proximity alone may be sufficient to support a finding of causal relationship, and that the district court erred as a matter of law by imposing the requirement that he present "direct or compelling circumstantial" evidence in addition to

Nguyen argues that no additional evidence is required, and the district court imposed an overly onerous burden upon him when it concluded otherwise.

Mr. Nguyen misstates the law of this Circuit. Our decision in *EEOC v. Avery Dennison Corp.*, 104 F.3d 858 (6th Cir. 1997), lays out the quantum of proof required to demonstrate a causal connection sufficient to establish a prima facie case of retaliation.

> The EEOC offers that its burden to establish a *prima facie* case of retaliation "is not onerous." Indeed, it "is a burden easily met." Further, to establish the element of causal link a plaintiff is required to "proffer evidence 'sufficient to raise the inference that her protected activity was the likely reason for the adverse action.'" Accordingly, at the *prima facie* stage the burden is minimal, requiring the plaintiff to put forth some evidence to deduce a causal connection between the retaliatory action and the protected activity and requiring the court to draw reasonable inferences from that evidence, providing it is credible.

*Id.* at 861 (internal citations omitted).

The specific issue of temporal proximity was addressed in *Harrison v. Metropolitan Government of Nashville,* 80 F.3d 1107 (6th Cir. 1996). There, we held that even though one year and three months had elapsed between the filing of the EEOC charge and the plaintiff's termination, that time lapse, when considered in conjunction with the evidence that three other employees who testified on the plaintiff's behalf feared retaliation and the supervisor had made repeated comments that he would not hesitate to run employees out of his department, was sufficient to establish a prima facie case of retaliation. *See id.* at 1119 ("This evidence, *taken together with the timetable of Mr. Harrison's EEOC charge and termination*, convinces us that the plaintiff established a prima facie case of retaliation.") (emphasis added); *see also Moore v. KUKA Welding Systems*, 171 F.3d 1073, 1080 (6th Cir. 1999) (holding that the close proximity in time between

to post the position a second time when funding for it became available. Even if it were necessary for the City to repost the position, the plaintiff has not submitted evidence demonstrating that he met the more lenient application requirement articulated in *Wanger.* Plaintiff states that "the record is clear that [he] would have applied had he known of the posting." However, plaintiff points to no evidence supporting that statement. Plaintiff points to no evidence demonstrating that he showed more than a general interest in the position. In addition, plaintiff points to no evidence supporting his assertion that his application for the position would have been "fruitless." Thus, plaintiff has failed to demonstrate a prima facie case as to his nonpromotion to the position of Deputy Commissioner.

We conclude that the grant of summary judgment in favor of the City on this claim was proper. For Nguyen to establish a prima facie case with respect to this position, he needed to demonstrate that he applied for the position in 1994 when it originally became vacant and the City undertook the selection process. It is undisputed, however, that in 1994, when the position was originally posted, Mr. Nguyen did not apply for it. As the district court noted, Nguyen did not submit any authority to demonstrate that the City had an obligation to post the position a second time when funding eventually became available. In his brief on appeal, Nguyen contends that he did not need to demonstrate that the City's failure to post the position a second time was discriminatory; rather, he says, he needed only to demonstrate that he would have expressed interest in the position had he been aware of its availability. The district court was correct in its finding, however, that Nguyen presented no evidence to that effect. We think that the district court was correct in concluding that even if the more lenient standard of *Wanger* were applicable here—an issue which it is not necessary for us to determine, given the record in this case—Nguyen failed to satisfy the requirement that he had applied for the position.

B.    *The Position of Chief of Enforcement*

The district court held that Mr. Nguyen did not establish a prima face case here because no Chief of Enforcement position was either posted or filled by the City. The City asserts that the only "Chief" position available for promotion was the position of Chief of Engineering. Mr. Nguyen admitted in his deposition that he did not bid on the Chief of Enforcement position because it was not open.

> Q:  . . . Did you ever formally apply for chief of enforcement?
> A: No. Because the position is not open at that point – that moment.
> Q: Okay. So chief of Bureau of Engineering Services is the only chief position that you've applied for with the City of Cleveland?
> A:  That's correct. Because Doug Seaman left, so the vacancy in the Bureau of Engineering and service or the chief engineer position is available. The chief [of] enforcement, Mr. Fasko, still handles that at that point. And there's no advertising to apply for the chief of enforcement; therefore, I did not apply for the chief of enforcement at that time.

Although it is undisputed that the City never attempted to fill a Chief of Enforcement position during the relevant time period, in this appeal Nguyen persists in his allegation that the City discriminated against him by failing to promote him to Chief of Enforcement. In his brief, Nguyen argues:

> As for the position of Chief of Enforcement, the defendant stated that this position was never available for promotion. (Memorandum of Opinion and Order pg. 11, Appx. 35). However Mr. Nguyen stated in his deposition at page 46 that Mr. Marvin Rogers worked as Chief of Enforcement from the first day he was hired. (R. 20, Nguyen depo. at p. 11, Appx. 164). Marvin Rogers held himself out as Chief Engineer but he did the work of Chief of Enforcement. Id.

The record is clear that Mr. Rogers and Mr. Nguyen both applied for the Chief Engineer position, and Mr. Rogers (a black man) was awarded that position. The jury considered Nguyen's Title VII claim with respect to the Chief Engineer position and found in favor of the City. It appears from the record that in addition to his regular Chief Engineer duties, Mr. Rogers assumed some Chief of Enforcement duties to cover for a vacancy in the department. But it is undisputed that only one position was posted, one position was filled by Mr. Rogers, and the jury found no discrimination with respect to the filling of that position. Mr. Nguyen's attempt to convert Mr. Rogers' additional duties into another separate position is wholly without merit.

C.    *Retaliation*

Mr. Nguyen's grievance alleging that he did not receive the proper pay increase with his promotion to APC II was filed sometime between September 8, 1995, and November 17, 1995.[1]   The City denied Mr. Nguyen's various bids for promotion in October, 1995, December, 1995, March, 1996, and June 1996. Nguyen's EEOC charges challenging the City's failure to promote him to the various positions at issue in his consolidated lawsuit were filed on January 23, 1996, May 31, 1996, and July 9, 1996.

The district court held that Mr. Nguyen met three of the necessary prongs to establish a prima facie case of retaliation, but failed to establish a causal connection between his engaging in protected activities and the City's failure to promote him. Mr. Nguyen argues on appeal that the district court erred as a matter of law in finding he did not present sufficient evidence to establish such a causal connection. He argues that this Circuit follows a rule that temporal proximity between the protected activity and the alleged discriminatory act is alone sufficient to establish a causal connection.

---

[1]The grievance itself is dated 9/8/95. The City contends that a handwritten note on the face of the grievance indicates that it was actually presented to the City on 11/15/95.