**Matthew BANKS, Plaintiff–Appellee,**

v.

**David J. BERGER, John G. Garlock, and Michael Blass, Defendants– Appellants.**

**No. 01–4011.**

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2002.

Before SILER and CLAY, Circuit Judges; OBERDORFER,* District Judge.

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

1. As a general matter, we decline to consider the merits of claims presented to us on interlocutory appeal in order to permit their full factual development in the court below. However, where the facts are sufficiently developed to make clear that the plaintiff cannot succeed on the merits of his underlying claim,

## PER CURIAM.

Defendants David J. Berger, John G. Garlock and Michael Blass appeal the district court's partial denial of their motion for summary judgment. The court granted summary judgment to Defendants on Matthew Banks's claims of racial discrimination but denied summary judgment as to his federal retaliation claim, reasoning that a material factual dispute existed as to whether Defendants fired Banks in retaliation for filing an EEOC charge. The court declined to rule on Defendants' assertion that they are entitled to qualified immunity from the retaliation claim. On interlocutory appeal, Defendants argue that the court should have resolved their claim of immunity in their favor before submitting the case to a jury. We need not resolve this assertion because we find that Defendants were entitled to summary judgment on the retaliation claim.[1] We **REVERSE** and **REMAND**.

### I.

Banks, who is black, worked for the City of Lima in Ohio as a police officer during the events at issue in this case. His claims arise from a series of events which began on April 12, 1998. On that day, Banks released a suspect who allegedly had assaulted another officer. In an unrelated incident on April 14, 1998, Banks appeared in uniform at his girlfriend's workplace and allegedly used profane language to

this court may appropriately resolve the claim in the interest of judicial economy. *See Doe v. Sundquist,* 106 F.3d 702, 707 (6th Cir.1997). Here, Banks's complete failure to present any evidence of discriminatory animus, or even a causal connection between his termination and his race, in response to Defendants' motion for summary judgment creates such a situation, and makes merit review of his retaliation claim appropriate.

complain about an unpaid electric bill for the apartment they shared, and then allegedly hit her later that day at the apartment. His girlfriend complained to police about the alleged assault, and they arrested Banks and searched his apartment, where the girlfriend helped police discover marijuana and drug paraphernalia. Banks was arrested and placed on administrative leave. A court issued a protective order prohibiting Banks from contacting his girlfriend, which he allegedly violated on May 13, 14, and 19 or 20, 1998. Defendant Major Blass, a supervisor in Banks's division, also claims that on May 21 and 22, 1998, Banks disobeyed direct orders Blass had given him.

On June 2, 1998, Banks filed a charge with the Equal Employment Opportunity Commission/Ohio Civil Rights Commission ("EEOC/OCRC") alleging racial discrimination. In a June 22, 1998 memorandum, Blass concluded that Banks had committed twenty-seven violations of the department's rules of conduct, including domestic violence, possession of marijuana and drug paraphernalia, violation of protective orders, and dereliction of duty. A hearing was held to address these allegations. As a result of the hearing, Defendant Garlock, Lima's Chief of Police, recommended to Defendant Berger, Lima's mayor and the final arbiter of all city personnel decisions, that Banks be terminated. On July 6, Berger notified Banks that his employment was terminated. Banks's girlfriend withdrew her assault complaint two days later on July 8, 1998. On September 22, 1998, Banks filed a second charge with the EEOC/OCRC, alleging retaliatory termination. He then exhausted his administrative remedies by filing a grievance which was submitted to arbitration and denied.

Banks later filed this action in district court against Defendants and the City of Lima. He alleged racial discrimination in violation of 42 U.S.C. §§ 1981 and 1985, the Equal Protection Clause, Title VII, and Ohio Revised Code ("O.R.C.") § 4112.02, and retaliation in violation of Title VII and O.R.C. § 4112.02.

The district court, acting by consent through a magistrate judge, granted summary judgment to Defendants on the merits of Banks's claims of discrimination. However, it held that a material factual dispute existed as to whether Defendants terminated Banks in retaliation for filing an EEOC charge, and therefore denied summary judgment as to Banks's federal retaliation claim.[2]

## II.

This court reviews a district court's grant or denial of summary judgment *de novo*. *See Smith v. Wal–Mart Stores, Inc.*, 167 F.3d 286, 289 (6th Cir.1999). In order to establish a *prima facie* case of retaliation, a plaintiff must demonstrate that (1) he engaged in protected activity, (2) the defendant knew of the protected activity, (3) the defendant subsequently took adverse employment action against the plaintiff, and (4) there is a causal connection between the protected activity and the adverse action. *See Strouss v. Mich. Dept. of Corrs.*, 250 F.3d 336, 342 (6th Cir.2001). If the plaintiff establishes this *prima facie* case, the burden shifts to the defendant to articulate legitimate, nondiscriminatory reasons for its action. The plaintiff must then demonstrate that the proffered reasons were "not the true reason" for the employment decision. *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 793 (6th Cir.2000). Elements one through three are not in dispute. The

2. The court granted summary judgment to the Defendants named in Banks's state law retaliation claim based on state law immunities.

court found that Banks had established a material factual dispute as to element four, apparently because Banks's termination occurred soon after he filed an EEOC charge. It is true that temporal proximity between protected activity and an adverse employment action is relevant to a determination of causation under element four. *See Nguyen v. City of Cleveland,* 229 F.3d 559, 563 (6th Cir.2000). Here, however, it is the only evidence of a causal connection, and insufficient to create a genuine factual dispute on this issue.

Moreover, even if this element were satisfied, Banks has failed to establish a genuine factual dispute as to whether the reasons proffered by Defendants for his termination were pretextual. Banks alleges that there was confusion about whether he was supposed to arrest the suspect on April 12, that he did not in fact strike his girlfriend, that the marijuana found in his apartment was not his, and that the violations of the protective order ascribed to him were the result of his girlfriend's decision to visit him at his home. But even if he did not commit the infractions he is accused of, he has failed to show that Defendants did not act on the belief that he did. Nor does Banks contest Defendants' other proffered rationales for termination, namely, his disobedience on May 21 and 22 of a direct order that he maintain contact with his supervisor and his past disciplinary record, which contains fourteen written, and seven verbal, reprimands.

Banks also argues that evidence of pretext may be found in the fact that another white officer accused of domestic violence, selling drugs and dereliction of duty was allowed to remain on the force. But the officer, Edwin McNamara, was allowed to remain only after his accuser confessed to lying about these alleged infractions, and was in fact later terminated when a second accusation of domestic violence was found

to be true. Here, Banks's girlfriend, in an affidavit requesting the withdrawal of her charge against him, reaffirmed the truthfulness of her claim that Banks assaulted her. Thus McNamara's example provides little or no evidence of pretext.

Finally, even in the event that the reasons offered for his termination were in fact pretextual, Banks does not provide any evidence that the "true reason" for the decision to fire him arose specifically from his decision to file an EEOC charge, rather than some other grudge. *See Morris,* 201 F.3d at 793. In sum, we conclude that the court erred in holding that Banks established a genuine factual dispute sufficient to sustain his retaliation claim.

This action is **REVERSED** and **REMANDED** with directions to the court to grant summary judgment to Defendants on Banks's retaliation claim.