**Marilyn J. FORTNER, Plaintiff–Appellant,**

v.

**AMERITECH CORPORATION, Defendant–Appellee.**

No. 02–1328.

United States Court of Appeals, Sixth Circuit.

Oct. 21, 2002.

Before BATCHELDER and COLE, Circuit Judges; GRAHAM, District Judge.*

Marilyn J. Fortner, a Michigan resident proceeding pro se, appeals a district court judgment dismissing her employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2 and 2000e–3. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 5, 2000, Fortner filed a complaint against Ameritech Corporation, her former employer. Fortner alleged that she had been employed by Ameritech from February 1978 until April 1999, when her employment was terminated. Fortner alleged that during the course of her employment, she was subjected to sexual harassment by her supervisors. On April 15, 1999, Fortner's employment was terminated for the stated reasons of insubordination, inappropriate behavior, and failure to obey her supervisor's instructions. Fortner alleged, however, that Ameritech terminated her employment in retaliation

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

because she had previously filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Fortner's complaint was timely filed in the district court after the EEOC issued a right-to-sue letter. Fortner sought monetary relief.

Ameritech filed a motion for summary judgment, to which Fortner responded. A magistrate judge filed a report in which he recommended granting Ameritech's motion. Over Fortner's objections, the district court accepted the magistrate judge's report and recommendation and granted Ameritech's motion for summary judgment. Fortner's motion for reconsideration was subsequently denied. Fortner has filed a timely appeal. Ameritech requests oral argument in its appellate brief.

This court reviews the district court's grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

Upon review, we conclude that the district court properly granted summary judgment in favor of Ameritech with respect to Fortner's sexual harassment claim. To state a prima facie claim of hostile work environment sexual harassment, a plaintiff must demonstrate that: "1) the employee is a member of a protected class, 2) the employee was subject to unwelcomed sexual harassment, 3) the harassment was based on the employee's sex, 4) the harassment created a hostile work environment, and 5) the employer failed to take reasonable care to prevent and correct any sexually harassing behavior." *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 462–63 (6th Cir.2000). The conduct must be severe enough to create an environment that a reasonable person would find hostile or abusive and the victim must subjectively view the environment in that manner. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

■ Fortner failed to establish a prima facie case of sexual harassment because even if her allegations are true, they are in no way sexual in nature and do not constitute harassment "based on [her] sex." *Bowman*, 220 F.3d at 462–63. While nonsexual conduct can be considered when analyzing a sexual harassment claim, such conduct can be considered only "where it can be shown that but for the employee's sex, he would not have been the object of harassment." *Id.* at 463. Fortner did not allege that she would not have been harassed but for her sex. Furthermore, Fortner's allegations do not demonstrate that the alleged harassment was "severe or pervasive." *Id.* at 464.

■ We further conclude that the district court properly granted summary judgment in favor of Ameritech with respect to Fortner's retaliation claim. In order to establish a prima facie case of retaliation, the plaintiff must prove that: "(1) he engaged in activity protected by Title VII; (2) the exercise of his civil rights was known to the defendant; (3) thereafter, the defendant took an employment action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action." *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000). Once the plaintiff establishes a prima facie case of retaliation, the burden shifts to the defendant to produce "some legitimate, nondiscriminatory reason" for the adverse employment action. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67

L.Ed.2d 207 (1981) (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). If the defendant is able to proffer a nondiscriminatory reason for the adverse action, the burden shifts back to the plaintiff to produce credible evidence that the reason offered by the defendant is a mere pretext for unlawful retaliation. *Burdine*, 450 U.S. at 253; *McDonnell Douglas*, 411 U.S. at 804.

Fortner failed to establish a prima facie case of retaliation, as she failed to establish that her supervisors knew of her prior protected activity and that a causal connection existed between her participation in protected activity and the termination of her employment. Even if Fortner could establish a prima facie case of retaliation, Ameritech had legitimate, non-discriminatory reasons for terminating her employment. Fortner has not provided evidence from which a reasonable jury could conclude that Ameritech's proffered reasons for terminating Fortner's employment were a pretext for discrimination. *See Burdine*, 450 U.S. at 253; *McDonnell Douglas*, 411 U.S. at 804.

Accordingly, the request for oral argument is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.