MOORE, Circuit Judge,
concurring in the judgment.
I agree with the ultimate judgment reached by the majority, but I am troubled by the path taken to reach that result. *247 While I would grant summary judgment in favor of CMHA, I disagree with the majority’s determination that Ms. White failed to establish a prima facie claim of discrimination based on the fourth “similar qualifications” prong of the prima facie standard in failure-to-promote cases. I believe that the detailed examination of White’s and Walker’s qualifications that the majority conducts at the prima facie case stage in Part II.B.l of its opinion places too heavy a burden on a plaintiff at stage one of the McDonnell Douglas framework, and should be reserved for its analysis at stages two and three of the framework.
The majority’s analysis of the fourth prong required to establish a prima facie failure-to-promote case seems to suggest that a plaintiff must establish that he or she has the exact same qualifications as the non-protected class member who ultimately received the job in order to satisfy the prima facie standard. This places upon a plaintiff a burden that not only would be unrealistically difficult for a plaintiff to meet, but also is contrary to our precedent. As we noted in Cline v. Catholic Diocese of Toledo, 206 F.3d 651 (6th Cir.2000), the prima facie requirement in discrimination cases is not intended to be an onerous burden upon plaintiffs but instead a burden which is easily met. Id. at 660 (quoting Texas Dep’t of Community Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). Moreover, the requirement is not “meant to stymie plaintiffs, but simply serves to ‘bring the litigants and the court expeditiously and fairly to the ultimate question.’ ” Id. (quoting Burdine, 450 U.S. at 253, 101 S.Ct. 1089). Based on this language, while a general weighing of White’s and Walker’s qualifications is required during the prima facie stage to determine whether they have similar qualifications, a more rigorous comparison of the two candidates such as the majority conducts in stage one. is better reserved for stages two and three of the McDonnell Douglas framework. This is especially true in a case such as this, where the employer asserts as its non-discriminatory reason for failing to promote the plaintiff that it chose to hire a candidate it considered more qualified.
I believe that White presented sufficient evidence • to permit a reasonable trier of fact to conclude that White and Walker were similarly qualified for the position and thus established her prima facie case. Admittedly, White’s and Walker’s qualifications were not identical, but White is not required to establish that she possessed identical 'qualifications as' Walker. Instead, White need only demonstrate that she and Walker had similar qualifications, Nguyen v. City of Cleveland, 229 F.3d 559, 562-63 (6th Cir.2000), which I believe she has done. The record reveals that each candidate presented both strengths and weaknesses. White’s undergraduate degree in sociology specializing in criminology was more relevant to the job description than W’alker’s undergraduate degree in political science. In comparison, however, Walker had more years of experience in security, investigation, safety, and crime prevention than did White. On the other hand, White had worked for the CMHA as Safety Coordinator for over seven years, and had performed many of the tasks required of the Safety Manager. White’s years of experience with CMHA could be weighed more heavily given that she was uniquely familiar with the nature of the organization and requirements of the position. Thus a reasonable trier of fact could consider White and Walker as possessing similar, albeit not identical, qualifications, which is all that Nguyen requires of a plaintiff at the prima facie stage.
While White may be able to make out a prima facie case, .she cannot show that *248 CMHA’s decision to hire Walker was pre-textual. CMHA produced a legitimate, non-discriminatory reason for failing to hire White, namely that Walker was more qualified for the position. Although the two candidates’ backgrounds are similar enough to satisfy the prima facie requirement, a reasonable trier of fact could conclude that given Walker’s extensive experience in security, investigation, and safety and crime prevention, he was more qualified than White to serve as Manager of Safety and Crime Prevention. The burden then falls upon White to present a genuine issue of material fact that this justification was a pretext for discrimination, which she has been unable to show. I therefore concur in the judgment that CMHA was entitled to summary judgment.