NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0492n.06
Filed: July 13, 2007

Nos. 05-6460

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

BEVERLY TAYLOR; RENA CHILDRESS,

    Plaintiffs-Appellants,

v.

BOARD OF EDUCATION OF THE MEMPHIS
CITY SCHOOLS,

    Defendant-Appellee.

On appeal from the United States
District Court for the Western
District of Tennessee

_____ /

BEFORE:    RYAN and GRIFFIN, Circuit Judges, and HOOD, District Judge.[*]

    RYAN, Circuit Judge.    Two African American plaintiffs, Beverly Taylor and Rena Childress, challenge the district court's grant of summary judgment in favor of the defendant Memphis City School Board. The plaintiffs' 42 U.S.C. § 1983 suit alleges that the Board discriminated against them on the basis of race by hiring a less qualified white applicant, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The plaintiffs further contend that the Board impermissibly retaliated against them for filing a complaint with the Equal Employment Opportunity Commission (EEOC). We find that summary judgment is inappropriate because there are genuine issues of material fact regarding the motivation for the Board's hiring decision, and therefore, we will reverse the district court's judgment.

_____

[*]The Honorable Joseph M. Hood, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation.

## I.

The plaintiffs' allegations derive from the School Board's hiring of a new elementary counseling supervisor for Memphis City Schools in the fall of 2001. After posting the opening for the elementary level counselor supervisor position and accepting applications, the Board interviewed four candidates on September 18, 2001. The interview panel consisted of seven people, including three African Americans. The panel awarded the highest interview score to Hattie Isen, one of three African American candidates; the other two are the plaintiffs. Before revealing the results of the interviews, the Board announced an additional open position of counseling supervisor for the middle school. The Board discarded the original interview scores and posted a new job vacancy listing all available positions, including the elementary supervisor position for which the plaintiffs had already interviewed. Because the scores from the original interviews for the elementary level position had been discarded, applicants were informed that they had to re-interview for the elementary counseling supervisor position.

The new panel consisted of five members, including only one African American. The second round of interviews were conducted on November 15, 2001. A white applicant, Barbara Morano, received the highest score in the second round of interviews. Of the five applicants interviewed on November 15, Taylor and Childress received the two lowest ratings. The results of the interviews were forwarded to two school administrators, Marieta Harris and Jeane Chapman, who, after consulting the interview panel's recommendation, made the final decision to hire Morano.

Taylor and Childress now argue, as they did below, that the Board had a discriminatory motive for hiring Morano. In their affidavits, the plaintiffs contend that

administrator Harris made several remarks indicating that race influenced the Board's hiring decision. At a meeting on September 24, 2002, Harris stated that the school chose Morano "to maintain racial balance" and that "[w]e do have to maintain racial balance, but it could have been done in a better way. She [(Glynda Cryer, the administrator who covered the interview panel)] could have had a larger pool of better qualified whites." The plaintiffs also assert that they possessed superior qualifications to Morano. At the time of her application, Taylor held a Ph.D from Kansas State University, had nine years of teaching experience and 13 years of experience as a guidance counselor. Childress held a Master's Degree from the University of Memphis and had worked in the Memphis public school system for 23 years, including 13 years as a counselor. Morano had worked in the Memphis city schools for a shorter period of time, and her experience consisted primarily of working as a speech therapist.

## II.

We review the district court's legal conclusions and its grant of summary judgment de novo, using the same Fed. R. Civ. P. 56(c) standard as the district court. Appalachian Res. Dev. Corp. v. McCabe, 387 F.3d 461, 463 (6th Cir. 2004). Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "In deciding upon a motion for summary judgment, we must view the factual evidence and draw all reasonable inferences in favor of the non-moving party." Nat'l Enters., Inc. v. Smith, 114 F.3d 561, 563 (6th Cir. 1997).

## III.

Title VII of the Civil Rights Act of 1964 outlaws discrimination against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). Analysis of Title VII disparate treatment claims depends on the type of evidence proffered by the plaintiff.

When a plaintiff presents direct evidence of discriminatory intent, the burdens of production and persuasion shift to the employer to prove that it would not have hired the plaintiff "even if it had not been motivated by impermissible discrimination." Nguyen v. City of Cleveland, 229 F.3d 559, 563 (6th Cir. 2000). "[D]irect evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 926 (6th Cir. 1999).

When assessing whether a remark such as the one attributed to Harris constitutes direct evidence of discrimination, we look to the identity of the speaker. Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 354 (6th Cir. 1998). Isolated remarks by individuals "with no managerial authority over the challenged personnel decisions" ordinarily are not indicative of discrimination. Id. In McDonald v. Union Camp Corp., 898 F.2d 1155, 1161 (6th Cir. 1990), this court found that a statement by an intermediate level official was not indicative of discrimination when the ultimate employment decision was made by an upper level official. The McDonald rule does not apply formalistically; remarks by any official who played a "meaningful role" in the employment decision or "may have influenced the decision" may constitute direct evidence of discrimination. Ercegovich, 154 F.3d at 355.

The district court found that Harris's statement did not constitute direct evidence of discrimination because Harris did not play an important role in the employment decision. This conclusion is mistaken. Harris, along with Jeane Chapman, retained the ultimate authority to select an applicant to fill the counselor supervisor position. Cryer, who selected the interview panel members, explained in her affidavit that "Ms. Chapman and Dr. Harris made the final choice as to who the successful candidate would be." Given Harris's role in the hiring decision, her statements that Morano was hired to maintain racial balance and that the Board should have attracted more white applicants, plainly indicate that unlawful discrimination may have been at least a motivating factor in the Board's hiring decision.

Because the plaintiffs proffered direct evidence of discrimination, the burdens of production and persuasion shifted to the School Board to demonstrate that it would not have hired Taylor or Childress, irrespective of its discriminatory intent. Nguyen, 229 F.3d at 563. The Board argues that any discriminatory motive was irrelevant because the hiring decision was based entirely on the candidates' relative performances during the November 15 interviews, in which Morano rated higher than either plaintiff. Taylor and Childress argue that the interview process was a "sham" to facilitate a hiring decision premised on impermissible racial considerations.

The district court should not have entered summary judgment because there is, at the very least, a question of fact pertaining to the actual motivations involved in the Board's hiring decision. First, the Board contends that it conducted a second round of interviews so that qualified individuals could apply to all of the open positions, including the newly opened middle school position. The plaintiffs maintain that the Board discarded the

original interview results to facilitate the hiring of a white supervisor, and point to the evidence that the first interview panel awarded the highest scores to an African American applicant. Second, the record does not adequately explain the varying composition of the two interview panels. The first panel consisted of seven members, including three African Americans, whereas the second panel consisted of five members including a single African American. During oral argument, the Board claimed that the availability of potential interviewees dictated the composition of the two panels. The plaintiffs respond that Cryer, the administrator tasked with composing the panels, denied a request from an African American woman, Myrtle Malone, to serve on the second panel. Finally, the Board offers no evidence supporting its claim that the hiring decision was based entirely on interview performance. For example, the Board did not refute the plaintiffs' allegations that their educational attainment and work experience were superior to Morano's. Because of these disputed material facts, we think the district court erred by granting summary judgment in favor of the School Board.

## IV.

Taylor and Childress next argue that the district court erred by granting summary judgment for the School Board on their claims that the Board unlawfully retaliated against the plaintiffs for lodging complaints with the EEOC. Taylor alleges that the Board eliminated her position in response to her filing a complaint with the EEOC, while Childress contends that the Board retaliated against her by refusing to assign interns to support her work. Because neither plaintiff demonstrates a causal link to a materially adverse employment action, we affirm the district court.

Employers may not retaliate against employees who allege violations of Title VII. 42 U.S.C. § 2000e-3(a). Retaliatory acts by an employer are not actionable unless they are "materially adverse" to a plaintiff's employment. Kocsis v. Multi-Care Management, Inc., 97 F.3d 876, 885 (6th Cir. 1996). Materially adverse actions include "a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [or] significantly diminished material responsibilities." Bowman v. Shawnee State Univ., 220 F.3d 456, 461-62 (6th Cir. 2000).

To establish a prima facie case of retaliation, a plaintiff must establish that (1) she engaged in activity protected by Title VII, (2) the exercise of her civil rights was known to the defendant, (3) the defendant took an adverse employment action against the plaintiff, and (4) the adverse employment action was causally connected to the protected activity. Nguyen, 229 F.3d at 563.

To satisfy the "causal connection" prong, "a plaintiff must produce sufficient evidence from which an inference could be drawn that the adverse action would not have been taken had the plaintiff not filed a discrimination action." Id. The plaintiff's burden at the prima facie stage is minimal, requiring merely that the plaintiff establish "'that the protected activity and the adverse action were not wholly unrelated.'" EEOC v. Avery Dennison Corp., 104 F.3d 858, 861 (6th Cir. 1997) (citation omitted). However, temporal proximity, standing alone, is insufficient to suggest causation. In Harrison v. Metropolitan Government of Nashville, we held that a plaintiff terminated 15 months after filing an EEOC complaint established a prima facie case because the plaintiff presented significant evidence of retaliation, including testimony from three employees who related the employer's threats to retaliate. 80 F.3d 1107, 1119 (6th Cir. 1996), overruled on other

grounds by Jackson v. Quanex Corp., 191 F.3d 647, 667 (6th Cir. 1999).  By contrast, this court found disciplinary notices filed only weeks after an EEOC complaint, which culminated in a plaintiff's termination four months after the complaint, did not create an inference of discrimination because of the dearth of additional evidence of retaliatory intent. Cooper v. City of North Olmsted, 795 F.2d 1265, 1272 (6th Cir. 1986).

Childress has not alleged a materially adverse employment action.  The failure to assign interns to assist her in her work is not an adverse employment action comparable to termination, a less distinguished title, loss of benefits, or diminished responsibilities.  On the other hand, Taylor's allegation that the Board terminated her position in response to her EEOC complaint does satisfy the requirement of material adversity.  However, Taylor fails to demonstrate a causal nexus between her EEOC complaint and termination.  Taylor filed a formal complaint with the EEOC on February 4, 2002, and received a right to sue letter on June 24, 2002.  The School Board terminated her at the conclusion of the 2003 school year, 16 months after her complaint.  Although the record supports Taylor's allegation she was fired "[a]fter voicing complaints of racial discrimination," she presents no evidence of retaliatory intent beyond this 16 month connection.  Such bare allegations are insufficient to sustain a finding of causation necessary for a retaliation claim.

**V.**

We conclude that summary judgment should not have been entered dismissing the plaintiffs' discrimination claims because there are genuine issues of fact relating to the material issue of the School Board's true motive for hiring Barbara Morano.  However, we conclude that the plaintiffs have failed to demonstrate that the district court erred by granting the Board's motion for summary judgment on their unlawful retaliation claims.

Childress failed to allege a materially adverse employment action, and Taylor failed to demonstrate a nexus between her EEOC complaint and her subsequent termination. Therefore, we **REVERSE** the district court's summary judgment for the defendant on the plaintiffs' discrimination in hiring claims, **AFFIRM** the summary judgment with respect to the retaliation claims, and **REMAND** for further proceedings.