NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0501n.06

No. 23-5406

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 05, 2023
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| THOMAS J. BROWNING, | ) |
| Plaintiff - Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| FRANKLIN PRECISION INDUSTRY, INC., | ) |
| Defendant - Appellee. | ) |
| | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

OPINION

Before: LARSEN, BUSH, and MURPHY, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Thomas Browning sued Franklin Precision Industry, Inc., (FPI) under Title VII after his position at FPI was eliminated. Browning claims that FPI discriminated against him on account of his race and national origin, and that the company retaliated against him when it demoted and later fired him after he complained about the unlawful behavior. The district court granted summary judgment to FPI as to all of Browning's federal-law claims. For the reasons that follow, we affirm the judgment of the district court.

**I.**

FPI is a Japanese-owned automotive parts manufacturer. Browning was hired as a Quality Manager at FPI's Franklin, Kentucky, facility in October 2018. Browning managed approximately 30 people in his role. He reported to Quality Senior Manager Hiro Kuno, Plant Manager Danny Andrews, and Director of Operations Rick Jones.

Soon after he was hired, Browning met his biological half-sister after taking an online DNA test. Browning's half-sister informed him that he was of Czech and German descent. Browning

was proud of his newfound heritage and began discussing his German and Czech culture with his coworkers. In the months following his discovery, however, Browning claims that Japanese employees and supervisors began to ridicule him because of his ethnicity.

Browning reports that his coworkers' discriminatory behavior lasted from approximately June 2019 through November 2019. For example, he claims that one employee repeatedly "pick[ed] on [him] for being overweight" because "Japanese people don't like overweight people." Browning Dep., R. 61-1, PageID 464. On another occasion, Browning asserts that FPI's Junior Quality Manager Toshikazu Kanamori told Browning that he looked like a Nazi after Browning shaved his head and facial hair for a Halloween costume. Browning further testified that Japanese employees at the company circulated racist jokes "like [they were] baseball cards." *Id.*, PageID 465.

Browning also claims that Japanese employees at FPI exhibited racist behavior toward African American employees. He alleges that Kanamori used racial slurs to refer to African American employees under Browning's supervision. Browning further alleges that he was prevented from recommending African Americans that he supervised for promotions.

Browning states that he repeatedly complained about his coworkers' offensive conduct to FPI's Human Resources Manager Nikki Madden. He also asserts that he reported the company's racist hiring practices to Madden and Jones in November 2019, and that Madden agreed with his concerns but did not take further action. However, Browning did not present records of those complaints, and Tanimura stated that he did not find any complaints of discrimination from Browning in FPI's records. And despite receiving an extension of time to complete depositions, Browning did not submit any record of Madden's statements to the district court.

Several months before the above alleged conduct started, FPI "began to experience problems with [Browning's] performance." Appellee's Br., at 4. For example, in March 2019, an FPI temporary employee alleged that Browning "made [her] feel uncomfortable" when he texted her privately and asked to take her out to dinner to "reward [her] for all of the rework [she] had done." Browning Dep., R. 61-1, PageID 486; Harassment Rep., R. 54-2, PageID 345–46. HR Specialist Denitra Brady reported that while she found that Browning gave special attention to the temporary employee, his behavior did not amount to sexual harassment. Browning denied the allegations and claims that Madden told him that she believed the claim was unfounded. He was ultimately suspended for three days.

Browning exhibited other behaviors that were deemed unsuitable for a supervisor. On October 11, 2019, Browning left work around 5:00 p.m. after notifying FPI's major customer of an internal part defect. Although other workers stayed behind, management told Browning that he should not have left while members of his team addressed the issue.

Browning also struggled to comply with FPI's timekeeping policies. In August 2019, FPI changed its policy so that all salaried and hourly employees were required to clock in and out each day. Although Browning initially complied, he stopped clocking in or out entirely on September 10, 2019. When Tanimura emailed Browning twice to ask why he was not following the timekeeping policy, Browning replied that he "had not really thought about it being a priority given what the current situation of quality is" and stated that he would have trouble complying because he was not required to clock in "for the last 20 years or so." Browning Email, R. 54-2, PageID 307. Jones told Browning that "whether we agree with the policy or not, we must follow the company rule," and he issued a disciplinary write-up on November 18, 2019. Jones Email, R. 54-

2, PageID 311; Team Member Discipline Form, R. 54-2, PageID 310. Browning claims to have never seen the written warning but he admits that he met with Jones to discuss his noncompliance.

Browning's supervisors determined in late 2019 that he was no longer fit to hold the position of Quality Manager. On December 9, 2019, Browning met with Jones, Madden, Kuno, and Kanamori to discuss his future at the company. Jones and Kuno presented a written statement identifying problems with Browning's performance, listing that he "[did] not complete tasks assigned," "missed important deadlines," and "[did] not show up at work on time." Quality Dep't Memo, R. 54-2, PageID 334. FPI offered to demote Browning to the position of IATF Engineer, which carried a $20,000 pay cut. Browning claims that he refused to accept the demotion at the December 9 meeting because Madden acknowledged that FPI's reasons for demoting Browning were factually unsupported. Notwithstanding Madden's acknowledgment, Browning accepted FPI's offer eight days later.

Browning filed a charge of discrimination with the EEOC on December 31, 2019. He claimed that FPI employees discriminated against him because of his race and national origin, and that he was demoted in retaliation for his complaints about his coworkers' unlawful behavior.

In March 2020, at the start of the COVID-19 pandemic, FPI temporarily halted some operations and was forced to furlough most of its employees. After partially resuming the operations that had been halted, the company determined that it could save costs by hiring a consultant instead of employing an IATF Engineer. It eliminated Browning's position and terminated his employment in September 2020.

Browning filed this action in December 2020. He alleges that FPI discriminated against him on the basis of his race and national origin in violation of Title VII of the Civil Rights Act of 1964. He also claims that the company retaliated against him when it demoted, furloughed, and

fired him after he complained about the discrimination, in violation of Title VII and state law. The district court granted FPI's motion for summary judgment as to all of Browning's Title VII claims. The court declined to exercise supplemental jurisdiction over Browning's state law claim and dismissed the case. Browning timely appealed.

## II.

We review the district court's grant of summary judgment de novo. *CSX Transp., Inc. v. United Transp. Union*, 395 F.3d 365, 368 (6th Cir. 2005). Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding whether to grant summary judgment, we "draw all reasonable inferences in favor of the non-moving party." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010).

### A. Retaliation Claim

Browning first claims that the district court erred in granting summary judgment to FPI on his retaliation claim because the court ignored evidence that decisionmakers at FPI were aware of his complaints of discrimination. Appellant's Br., at 12–14.

Title VII prohibits an employer from retaliating against an employee who engages in protected activity. *See* 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter[.]"). An employee engages in protected activity when he opposes employer practices that the employee reasonably believes are in violation of the statute. *See Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000).

A plaintiff may prove a retaliation claim with direct or circumstantial evidence. *Abbott v. Crown Motor Co., Inc.*, 348 F.3d 537, 542 (6th Cir. 2003). Because Browning did not present direct evidence of retaliation, we analyze his claim under the *McDonnell Douglas* burden-shifting framework. *See Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973)); *Abbott*, 348 F.3d at 542. Under the first step of the *McDonnell Douglas* test, a plaintiff must establish a prima facie case of retaliation by showing that (1) he engaged in a protected activity; (2) the employer knew that he engaged in this activity; (3) subsequently, the employer took an employment action adverse to the employee; and (4) the protected activity and adverse employment action are causally connected. *Abbott*, 348 F.3d at 542; *Mulhall v. Ashcroft*, 287 F.3d 543, 551 (6th Cir. 2002) (quoting *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 860 (6th Cir. 1997)). If a plaintiff proves his prima facie claim, the burden shifts to the employer to identify "a legitimate, non-discriminatory reason for the adverse action." *Nguyen v. City of Cleveland*, 229 F.3d 559, 562 (6th Cir. 2000). If the employer meets that burden, the plaintiff must then show that the proffered reason for the adverse action was pretextual. *Abbott*, 348 F.3d at 542. The plaintiff can meet his final burden by demonstrating that the employer's stated reason "1) has no basis in fact; 2) did not actually motivate the adverse action; or 3) was insufficient to motivate the adverse action." *Id.*

The district court correctly concluded that Browning failed to make out a prima facie case of retaliation. Browning engaged in a protected activity when he complained about discriminatory conduct at FPI and when he filed his EEOC charge. *See Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014) ("Protected activity typically refers to action taken to protest or oppose a statutorily prohibited discrimination." (internal quotation marks and citation omitted)). And he demonstrated that FPI took employment actions adverse to him when the company demoted,

furloughed, and later fired him. However, as the district court found, Browning failed to present credible evidence that decisionmakers at FPI were aware of his complaints, or that his protected activities led to his demotion and termination. Dist. Ct. Op., R. 63, PageID 576–79. Stated differently, Browning failed to establish that the protected activity and adverse employment action were causally connected. *Abbott*, 348 F.3d at 542.

Browning disagrees, pointing to statements in his deposition in which he asserted that he repeatedly complained to Madden, Kuno, and Jones about discrimination at FPI. *See* Appellant's Br., at 13–14; Browning Dep., R. 61-1, PageID 46–65, 468–69, 472. He therefore contends that FPI demoted and ultimately terminated him *because* they knew of his discrimination complaints. Regardless, even assuming that Browning established a prima facie case of retaliation, he failed to prove that FPI's reasons for the adverse employment actions were pretextual.

FPI provided legitimate reasons for its adverse employment decisions. The company maintains that it demoted Browning because he behaved inappropriately toward a temporary worker, failed to comply with timekeeping policies, and exhibited poor leadership skills. *See Abbott*, 348 F.3d at 544 (crediting employee's "insubordination" as a legitimate reason for termination); *Ploscowe v. Kadant*, 121 F. App'x 67, 76 (6th Cir. 2021) (holding that employer provided legitimate reason where plaintiff was fired for "poor performance and [an] abrasive attitude"). Further, FPI states that Browning was ultimately fired because of changes in staffing needs resulting from COVID-19. *See Ploscowe*, 121 F. App'x at 74 (6th Cir. 2005) (finding that employer stated nondiscriminatory reason for laying off plaintiff where changed staffing needs "resulted in the need to lay employees off generally").

Browning failed to establish that FPI's stated reasons for demoting him are pretextual. He does not dispute that he routinely failed to comply with company timekeeping policies and, on one

occasion, left members of his team to handle a production crisis. Instead, Browning contends that his less-than-exemplary record did not justify the company's decision to demote him. But as the district court correctly held, Browning cannot prove pretext by arguing that he thinks FPI made the wrong choice. *See Ladd v. Grand Trunk W. R.R., Inc.*, 552 F.3d 495, 503 (6th Cir. 2009) (holding that courts do not "evaluate the employer's business judgment, but . . . inquire into the employer's 'motivation and intent' to determine whether the employer was 'motivated by retaliation'" (quoting *Wrenn v. Gould*, 808 F.2d 493, 502 (6th Cir. 1987))); *see also Rosenthal v. Faygo Beverages, Inc.*, 701 F. App'x 472, 480 (6th Cir. 2017) (holding that a plaintiff's "subjective interpretations or feelings are insufficient to establish pretext"). Instead, Browning was required to show that FPI's "reasons [were] false [and] that retaliation was the real reason for the adverse action." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 530 (6th Cir. 2012) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993)).

Moreover, Browning presented no evidence at the summary judgment stage or on appeal to rebut FPI's stated reasons for his furlough and termination. To the contrary, Browning concedes that he was not the only person in his department who was furloughed, or whose position was eliminated to save costs in the aftermath of the COVID-19 pandemic. Browning Dep., R. 61-1, PageID 476, 491. Because Browning failed to show that FPI's reasons for demoting, furloughing, or firing him were pretextual, the district court did not err in granting summary judgment to FPI on Browning's retaliation claim.

## B. Discrimination Claims

We also affirm the district court's grant of summary judgment to FPI on Browning's claims that FPI discriminated against him on account of his race and national origin for similar reasons. To prove discrimination under Title VII with circumstantial evidence, Browning must first show

that (1) he is a member of a protected class; (2) he experienced an adverse employment action; (3) he was qualified for his position; and (4) he was "replaced by a person outside the class," or a "comparable non-protected person was treated better." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (citing *McDonnell Douglas*, 411 U.S. at 802). If he establishes his prima facie case, the employer can then provide legitimate reasons for the adverse action, which the employee may then rebut as pretextual. *Johnson*, 215 F.3d at 573.

We need not address whether Browning made a prima facie showing of discrimination. Instead, the district court correctly rejected his claims because Browning failed to establish that unlawful discrimination motivated FPI's decision to demote, furlough, and fire him. Dist. Ct. Op., R. 63, PageID 589–91. As explained above, it is undisputed that Browning regularly failed to clock in and out, and that he left his team after a major production issue. His argument that those errors did not warrant demoting him are insufficient to establish pretext. And Browning did not provide any evidence suggesting that FPI used the COVID-19 pandemic as a cover-up for discrimination when it furloughed and fired him.

Browning does claim, however, that the district court violated Federal Rule of Civil Procedure 56(f)(2) when it held that FPI terminated him as part of a reduction in force (RIF), because FPI did not allege a RIF as the reason for furloughing Browning in its filings below. Appellant's Br., at 12. Browning is correct that, under Rule 56(f)(2), the district court was required to give him "notice and a reasonable time to respond" before granting summary judgment to FPI on "grounds" not advanced by either party. However, the district court did not grant summary judgment to FPI on different grounds than those raised in FPI's motion.

Rather, as the district court explained, FPI furloughed Browning and eliminated his position as part of a RIF, which was a companywide effort to reduce staff and cut costs in light of

the pandemic. Dist. Ct. Op., R. 63, PageID 572. Even if FPI did not use the term "RIF," the company clearly stated in its motion for summary judgment that it furloughed Browning and chose not to recall his position for the same reasons. *See* Mot. Summ. J., R. 53, PageID 161–63. FPI explained that it was forced to conduct "companywide furloughs due to an ongoing global pandemic." *Id.* at PageID 161. And the company stated that Browning's position was ultimately eliminated after management determined that "there was no business necessity to recall" him after the plant reopened. *Id.* at PageID 161–62 (citing Tanimura Decl., R. 54-5, PageID 399).

FPI was not required to use the term "RIF" to put Browning on notice of its claims. Instead, Browning was aware from FPI's motion for summary judgment that he needed to prove that the company lied when it claimed that it furloughed him and eliminated his position to save costs. Because Browning failed to meet that burden, the district court did not err when it awarded summary judgment to FPI.[1]

## III.

We therefore **AFFIRM** the district court's summary judgment granted to FPI on Browning's retaliation and discrimination claims.

---

[1] Finally, Browning's claim that FPI waived any RIF-related arguments under Federal Rule of Civil Procedure 8(c) fails because a RIF argument is not an affirmative defense. Rather, FPI stated that it was forced to reduce staffing and cut costs to satisfy its burden under the second step of the *McDonnell Douglas* test. The district court did not err by construing FPI's reasons for furloughing and firing Browning as decisions made as part of a RIF, and the court correctly concluded that Browning failed to show that those reasons were pretextual.