NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0037n.06

No. 10–5353

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jan 10, 2012*

LEONARD GREEN, Clerk

SANDRA M. CULVER,                                    )
                                                     )
          Plaintiff-Appellant,                       )
                                                     )
v.                                                   )
                                                     )
CCL LABEL, INC.,                                     )
                                                     )
          Defendant-Appellee.                        )
_____                  )

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

**O P I N I O N**

Before:  GRIFFIN and WHITE, Circuit Judges; and WATSON, District Judge.[*]

**MICHAEL H. WATSON, District Judge.**  Plaintiff-Appellant Sandra Culver ("Culver") appeals the district court's grant of judgment as a matter of law to Defendant-Appellee CCL Label, Inc. ("CCL"), and the district court's subsequent denial of Culver's motion to alter or amend judgment, for judgment as a matter of law, and for a new trial.  Culver sued CCL for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII") and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq*. ("THRA"), alleging that CCL wrongfully denied her a promotion to the position of quality control manager because of her sex and wrongfully retaliated against her.

For the reasons that follow, we **AFFIRM**.

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

**I.**

This is an employment discrimination case. Sandra Culver ("Culver") began working for CCL Label Inc. ("CCL") on November 14, 1983. She quit on April 24, 2002 after she was passed over for a promotion to the position of Quality Control Manager one month earlier. She then sued CCL for gender discrimination under Title VII and the THRA.[1] The district court concluded that Culver also asserted claims under Tennessee law for intentional and negligent infliction of emotional distress, although those claims were not specifically pleaded in the complaint or identified in the Joint Pretrial Order.

At trial, after Culver presented her case-in-chief, CCL orally moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). The district court granted CCL's motion the following day in a written order. With respect to Culver's Title VII and THRA claims, the district court concluded that she had not offered sufficient evidence from which a jury could conclude that: (1) she was qualified for the promotion; and (2) her qualifications for the position were similar to those of the man who received the promotion. *See, e.g., White v. Columbus Metro. Hous. Auth.*, 429 F.3d 232, 240 (6th Cir. 2005) (citing *Nguyen v. City of Cleveland*, 229 F.3d 559, 562–63 (6th Cir. 2000)) (setting forth the elements of a *prima facie* case of discrimination in the failure to promote context). With respect to Culver's state law emotional distress claims, the district court concluded,

---

[1]Analysis of the THRA claim tracks the analysis of the Title VII claim. *See Lynch v. City of Jellico*, 205 S.W.3d 384, 399 (Tenn. 2006) ("The intent of the THRA is to provide for execution within Tennessee of the policies embodied in the federal civil rights statutes. Accordingly, an analysis of claims under the THRA is the same as under Title VII of the Federal Civil Rights Act.") (internal citations omitted).

without analysis, that she had "failed to make out a case" for either claim. Following the district court's grant of CCL's Rule 50(a) motion, Culver moved to alter or amend the judgment, for judgment as a matter of law, and for a new trial pursuant to Rules 50 and 59. The district court denied those motions in a short order. Culver filed this timely appeal. The Court has jurisdiction over Culver's appeal pursuant to 28 U.S.C. § 1291.

## II.

### A. CCL's Rule 50 Motion for Judgment as a Matter of Law

This Court reviews *de novo* a district court's grant of judgment as a matter of law under Rule 50(a). *See Jackson v. FedEx Corporate Servs., Inc.*, 518 F.3d 388, 391–92 (6th Cir. 2008). Judgment as a matter of law is appropriate only when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). This Court upholds a grant of judgment as a matter of law where, "'when viewed in the light of those inferences most favorable to the nonmovant, there is either complete absence of proof on the issues or no controverted issues of fact upon which reasonable persons could differ.'" *Spengler v. Worthington Cyclinders*, 615 F.3d 481, 488– 89 (6th Cir. 2010) (quoting *Monette v. AM-7-7 Baking Co.*, 929 F.2d 276, 280 (6th Cir. 1991)). Judgment as a matter of law should be granted only when "'reasonable minds could come to but one conclusion in favor of the moving party.'" *Id.* (quoting *Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 527 (6th Cir. 2005)).[2]

---

[2] With regard to the state-law claims, we apply the state-law standard for directed verdicts. *Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir. 1999). The standard under

No. 10–5353
*Culver v. CCL Label, Inc.*

On appeal, Culver argues that in granting CCL's Rule 50(a) motion for judgment as a matter

of law, the district court erred by applying the wrong standard with regard to the forth prong of her

*prima facie* case of sex discrimination, and in determining that Culver failed to produce sufficient

evidence to satisfy her *prima facie* burden. She also argues that the district court erred in granting

CCL's Rule 50(a) motion with respect to her claim for negligent infliction of emotional distress.

**1. The prima facie case**

In *White*, this Court reiterated the elements of a *prima facie* case of gender discrimination in

the failure to promote context:

> Under *Nguyen* [*v. City of Cleveland*, 229 F.3d 559, 562–63 (6th Cir. 2000)], which
> is the governing precedent, a plaintiff with a discrimination claim based on a failure
> to promote must demonstrate that (1) she is a member of a protected class; (2) she
> applied for and was qualified for a promotion; (3) she was considered for and was
> denied the promotion; and (4) an individual of similar qualifications who was not a
> member of the protected class received the job at the time plaintiff's request for the
> promotion was denied.

429 F.3d at 240.

There is no dispute that Culver, a woman, is a member of a protected class. Additionally,

because CCL had no formal policy for noticing the job opening, Culver did not have to show that

she applied for and was considered for the position. *See Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1022

(6th Cir. 2000) ("We . . . hold that in failure to promote cases a plaintiff does not have to establish

that he applied for and was considered for the promotion when the employer does not notify its

employees of the available promotion or does not provide a formal mechanism for expressing

Tennessee law is in substance the same as the federal standard. *See Mercer v. Vanderbilt Univ., Inc.*,
134 S.W.3d 121, 130–31 (Tenn. 2004).

interest in the promotion."). The dispute in this appeal thus centers on whether Culver's evidence at trial would permit a jury to conclude that: (1) she was qualified for a promotion; and (2) she had similar qualifications to Jim Carter ("Carter"), the man who was promoted to the position.

"To establish that she is qualified for the position, a Title VII plaintiff need only show that she satisfied an employer's 'objective' qualifications." *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 585 (6th Cir. 2009) (citing *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 575–76 (6th Cir. 2003)). The Court is mindful that the plaintiff's burden of establishing the elements of a *prima facie* case is not onerous. *See Jackson*, 518 F.3d at 396.

To defeat a Rule 50(a) motion, a plaintiff need only present sufficient evidence to permit a jury to rule in its favor. As noted, "'sufficient evidence' will be found unless, when viewed in the light of those inferences most favorable to the nonmovant, there is either a complete absence of proof on the issues or no controverted issues of fact upon which reasonable persons could differ." *Monette*, 929 F.2d at 280.

The district court concluded that Culver could not show she was qualified for the position because she did not establish the "complete portfolio of duties and responsibilities for the quality control manager." Order 6, R. 71. It also agreed with CCL that "filling in as the quality control manager for small periods of time does not establish that Plaintiff was in fact capable of performing all of the duties for which the quality control manager was responsible." *Id*. at 5–6.

At trial, however, Culver testified that she was second in command to George Casebeer ("Casebeer"), the former quality control manager. Trial Tr. Vol. 1, 70–71, Jan. 26, 2010, R. 91. When Casebeer took vacation time or traveled for business, Culver performed his duties. *Id*. at

72–73. She also performed Casebeer's duties when he was absent for medical reasons, sometimes for up to two months at a time. *Id*. at 73. Culver had signature authority for Casebeer and made quality related decisions in his absence. Pl.'s Trial Ex. 4, R. 76.

We assume, without deciding, that a jury could have concluded from the above evidence that Culver was qualified for a promotion to Quality Control Manager. The jury could have inferred that CCL would not permit Culver to fill in for Casebeer—for up to two months at a time—if Culver were not qualified to perform the duties of that position. While CCL might have had subjective reasons for concluding that Culver was not qualified for the position, only Plaintiff's objective qualifications may be considered at the *prima facie* stage. *See Upshaw*, 576 F.3d at 585; *Wexler*, 317 F.3d at 575. Accordingly, given the relatively light burdens of establishing a *prima facie* case of discrimination and defeating a Rule 50(a) motion, as well as the absence of authority cited by the district court or CCL for the proposition that a plaintiff must introduce "evidence of the complete portfolio of duties and responsibilities" for the position to which the plaintiff seeks promotion, we assume that Culver satisfied her burden to demonstrate that she was qualified for the promotion.

Even assuming that Culver demonstrated that she was qualified for the promotion , however, her Title VII and THRA claims nonetheless fail because she failed to meet her burden on the fourth prong of her *prima facie* case. That is, Culver failed to demonstrate that she and Carter had similar qualifications for the position at issue.

The governing standard with regard to the fourth prong of the *prima facie* case in a failure to promote case is set forth in *Nguyen*. Specifically, under *Nguyen*, Culver must demonstrate that "other employees of similar qualifications who were not members of the protected class received

promotions at the time the plaintiff's request for promotion was denied." *Nguyen*, 229 F.3d at 563.

Culver's reliance on the formulation stated in *Vincent v. Brewer Co.*, 514 F.3d 489, 494 (6th Cir.

2007)—that she need only show "she was replaced by a person outside the protected class, or

similarly situated non-protected employees were treated more favorably"—is misplaced. *Vincent*

was not a failure to promote case. It was a discharge case. In rejecting the employer's argument that

a plaintiff must show that his replacement was similarly qualified, none of the cases the *Vincent*

court cited was a failure to promote case. *See id*. at 495–96. Culver cites no authority for her

contrary position.

Under the *Nguyen* standard, Culver's proof at trial with respect to the fourth prong came up

short. There was insufficient evidence of Carter's experience to permit a threshold weighing of his

qualifications against Culver's qualifications. *See White*, 429 F.3d at 243 (noting that a court must

"conduct an independent review of the relative qualifications of the plaintiff and the person selected

for the position based on the evidence presented in order to determine whether the plaintiff has

satisfied the fourth prong of her *prima facie* burden"); *id*. ("Some comparison between Walker and

White is therefore necessary in considering the fourth prong of the *prima facie* case."). At trial,

Culver introduced only the years of seniority and respective titles she and Carter held at the time

Carter was promoted. This is far less than the amount of relevant criteria that was compared in

*White*. *See id*. at 243–44 (determining that two candidates for the position of manager of safety and

crime prevention were not similarly qualified for purposes of the *prima facie* test where one had

seventeen years of experience in security, investigation, safety and crime prevention, and extensive

investigation and managerial experience, and the other had seven years of experience in security,

investigation, safety and crime prevention, and minimal investigation and managerial experience). Culver's personal belief that she was at least as qualified as Carter for the position is not enough. Moreover, there was no foundation for this statement since Culver admitted at trial that she knew nothing about Carter's qualifications to be a manager. Trial Tr. Vol. I, 103, R. 91.

To hold that Culver met her burden as to the fourth prong would undermine the distinction this Court has drawn between the *prima facie* burden required of a plaintiff alleging discrimination in the failure to promote context versus in the termination context. Accordingly, we affirm the district court's granting of CCL's Rule 50(a) motion with respect to Culver's Title VII and THRA claims.

### 2. Negligent infliction of emotional distress

On appeal, Culver also challenges the district court's grant of judgment as a matter of law to CCL with respect to her claim of negligent infliction of emotional distress.[3] To defeat a Rule 50(a) motion on a claim of negligent infliction of emotional distress, a plaintiff must establish each of the five elements of negligence and, if the only harm from the negligence is severe emotional distress, must proffer "expert proof establishing that the plaintiff's emotional distress is 'serious' or 'severe.'" *Eskin v. Bartee*, 262 S.W.3d 727, 735 (Tenn. 2008); *see also Estate of Amos v. Vanderbilt Univ.*, 62 S.W.3d 133, 136–37 (Tenn. 2001) (noting that expert medical or scientific proof is not required where "a claim for emotional injury damages is one of multiple claims for damages").

---

[3]Culver's opening brief did not address the district court's ruling on her claim of intentional infliction of emotional distress. Any appeal of that ruling is therefore waived.

> The five elements of negligence include: (1) a duty of care owed by the [defendant] to the [plaintiff], (2) conduct by the defendant that breaches this duty, (3) an injury or loss, (4) a cause-in-fact connection between the plaintiff's injury or loss and the defendant's conduct, and (5) the existence of proximate or legal cause.

*Eskin*, 262 S.W.3d at 735 n.19.

Here, even assuming that CCL had a duty under Tennessee's tort law to consider Culver for the promotion to Quality Control Manager,[4] there is no evidence that CCL breached that duty by not considering her. Rather, Culver's brief states in a conclusory manner that CCL "breached that duty proximately causing [her] injury and loss," and includes no citation to the trial record. *See* Fed. R. App. P. 28(a)(9)(A) (noting that argument section of appellant's brief must include "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). The district court thus properly granted judgment as a matter of law to CCL on this claim.

**B. Culver's post-trial motions**

Culver also appeals the district court's denial of her Rule 50 and 59 motions to alter or amend the judgment on CCL's Rule 50(a) motion, for judgment as a matter of law, and for a new trial.

This Court reviews the district court's denial of a party's Rule 50(b) motion for judgment as a matter of law *de novo*. *See Jackson*, 518 F.3d at 391–92. We review a district court's denial of a motion for a new trial for abuse of discretion, "reversing only if we have a 'definite and firm

---

[4]Culver attempts to use language from a federal employment discrimination case to create a duty under Tennessee tort law. *See Dews*, 231 F.3d at 1022 ("[T]he company is held to *a duty* to consider all those who might reasonably be interested in a promotion were its availability made generally known." (emphasis added)). She cites no authority in support of the proposition that an employer has any duty under Tennessee tort law to promote employees.

conviction that the trial court committed a clear error of judgment.'" *Radvansky v. City of Olmsted Falls*, 496 F.3d 609, 614 (6th Cir. 2007) (quoting *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 820 (6th Cir. 2000). Lastly, although the Court generally reviews a denial of a motion to alter or amend a judgment under Rule 59(e) for abuse of discretion, when the motion seeks review of a grant of summary judgment, the standard of review is *de novo*. *See Shelby Cnty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 375 (6th Cir. 2009) (quoting *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 613 (6th Cir. 1998)). Because Culver's Rule 59 motion sought review of the district court's decision on CCL's motion for judgment as a matter of law, a motion analyzed under the same standard as one for summary judgment, this Court reviews the ruling *de novo*.

Because Culver failed to carry her *prima facie* burden with regard to her Title VII and THRA claims, she is not entitled to judgment as a matter of law on those claims. Likewise, because she failed to establish a *prima facie* case of discrimination, the district court did not abuse its discretion in denying her motion for a new trial. The district court properly denied Culver's motions for judgment as a matter of law and for a new trial.

With regard to Culver's Rule 59 motion to alter or amend, such a motion may be granted if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Culver does not demonstrate any basis for relief under Rule 59. Rather, as the district court observed, her motion was "merely an effort to relitigate old matters without new evidence" and "simply rais[ed] the same arguments presented in opposition to CCL's *ore tenus*

motion for judgment as a matter of law and which the Court considered and rejected before granting

CCL's motion." Order 2, R. 78. The district court therefore also properly denied Culver's motion

to alter or amend the judgment on CCL's Rule 50(a) motion.

**III.**

Accordingly, we affirm the district court's grant of CCL's Rule 50(a) motion for

judgment as a matter of law, and its denial of Culver's Rule 50 and 59 motions to alter or amend

judgment, for judgment as a matter of law, and for a new trial.