NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0178n.06

Case No. 16-6785

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA EX REL. ANDREW HIRT, | ) ) ) | **FILED** Mar 23, 2017 DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR |
| v. | ) ) | THE MIDDLE DISTRICT OF TENNESSEE |
| WALGREEN COMPANY, | ) ) | |
| Defendant-Appellee. | ) | |

BEFORE: SUHRHEINRICH, SUTTON, and McKEAGUE, Circuit Judges.

PER CURIAM. After losing his *qui tam* lawsuit at the district court, Andrew Hirt, owner of Andy's Pharmacies, filed a Rule 59 motion to vacate or amend the judgment. Hirt failed to persuade the court, and defendant Walgreen Company moved to impose $19,108 in sanctions for "unreasonable and vexatious multiplication of the proceedings." R. 60 at 1. The district court rejected the motion in part and granted it in part, ultimately awarding $5,833 in sanctions. Because the district court did not abuse its discretion, we affirm.

Any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To merit sanctions, the conduct must demonstrate more than negligence or incompetence but need not amount to bad faith. *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642,

646 (6th Cir. 2006).  We review an award under § 1927 for abuse of discretion.  *Hall v. Liberty Life Assurance Co. of Bos.*, 595 F.3d 270, 275 (6th Cir. 2010).

Because Hirt's Rule 59 motion directly parroted arguments made in a prior motion, we cannot say that the district court abused its discretion in awarding sanctions.  A Rule 59 motion must identify a clear error of law, a change in controlling precedent, newly discovered evidence, or a need to prevent manifest injustice.  *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).  It is not a vehicle for re-litigating the case with (previously available) fresh arguments or for merely rehashing it with (previously presented) stale ones.  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *Culver v. CCL Label, Inc.*, 455 F. App'x 625, 631 (6th Cir. 2012).

Hirt's motion commits the latter offense.  It repeats nearly word-for-word the arguments that Hirt had presented to the district court in his objections to the Magistrate's Report and Recommendations.  It does not identify a *clear* error of law and does not attempt to invoke any of the remaining three grounds for Rule 59 relief.  As a result, the district court did not err in determining that Hirt's counsel "'reasonably should have known' that the motion to alter or amend would 'needlessly obstruct the litigation.'"  R. 66 at 5.  If the arguments did not work the first time, Hirt's counsel had every reason to know that re-submitting a verbatim recitation of them would do little but create additional litigation expense.

That some district courts have declined to impose sanctions in other cases does not show that the court abused its discretion in this case.  Those cases of course involved their own facts, circumstances, and litigation history.  No less fundamentally, discretion necessitates room for choice.  Even if other courts, or for that matter this court, might have exercised this discretion

differently in the first instance, we cannot say that the district court's use of its discretion amounted to an abuse in this case.

For these reasons, we affirm.